

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00191-CV


LYNN DAVIS, RANDY GREEN,                                    APPELLANTS
AND PATRICK RUCKER

V.

MOUNT GILEAD BAPTIST                                         APPELLEES
CHURCH, JOYCE BRITT, ERNEST
MACKEY, PATRICIA WILLIAMS,
AND JANNIS DILWORTH,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE
CHURCH MEMBERS


----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 141-285618-16

----------

----------

This is an attempted interlocutory appeal from the trial court's denial of a plea to the jurisdiction in which appellants Lynn Davis, Randy Green, and Patrick Rucker claimed that the suit against them should be dismissed because the individual appellees[2] lack standing to sue on the church's behalf and because of the application of the ecclesiastical abstention doctrine. *See Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Although appellants' notice of appeal states that the interlocutory appeal is permitted because they had moved for dismissal under chapter 27 of the civil practice and remedies code, this court informed appellants of our concern that we do not have jurisdiction over the appeal because it does not appear that appellants filed a motion to dismiss under civil practice and remedies code section 27.003. Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West 2015), § 51.014(a)(12) (West Supp. 2016).

The ecclesiastical abstention doctrine arises from the Free Exercise Clause of the First Amendment to the United States Constitution. *See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."); *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 601 (Tex. 2014). But chapter 27 allows a party to move to

---

[1]*See* Tex. R. App. P. 47.4.

[2]Joyce Britt, Ernest Mackey, Patricia Williams, and Jannis Dilworth.

dismiss a suit only "[i]f a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001(2)–(4), 27.002, 27.003(a), 27.005(b) (West 2015). Rights secured by the Free Exercise Clause are not included in this list. *See id.*

We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The denial of a plea to the jurisdiction that does not fit into any of the categories listed in section 51.014(a)—or is not otherwise permitted under subsections (d) and (f) or another statute—is not an appealable interlocutory order. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 359 (Tex. 2001). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 25, 2016

3